## IN THE UNITED STATES DISTRICT COURT
## IN THE MIDDLE DISTRICT OF FLORIDA
### (TAMPA DIVISION)

**LEE MARSH,**

    **Plaintiff,**

-VS-

**PALISADES COLLECTION, L.L.C.,**

    **Defendant.**

_____/

CASE NO.:

8:12-CV-2251-T-26MAP



### COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.    This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and cost.

3.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332.

4.    The alleged violations described in the Complaint occurred in Pinellas County, Florida.

### FACTUAL ALLEGATIONS

5.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Pinellas County, Florida

6.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

7.    Plaintiff is an "alleged debtor."



1

TPA 13577

8.      Defendant is a corporation and a citizen of the State of New Jersey with its principal place of business at 210 Sylvan Avenue, Englewood Cliffs, New Jersey, 07632.

9.      Defendant is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).  Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

10.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

11.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12.     Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

13.     Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

14.     In or about 2008, Plaintiff began receiving letters from Defendant concerning a debt which Plaintiff did not owe.

15.     Plaintiff has never had any relationship with the alleged creditor, First Union Bank.

16.     On or about May 24, 2011, Plaintiff received a collection letter from Defendant.  (See Exhibit A).  Plaintiff has received at least ten (10) similar letters since 2008.

17.     In or about 2008, Defendant began calling Plaintiff on his residential telephone line to collect a debt which Plaintiff did not owe.

18.     In or about August 2011, Plaintiff began receiving calls to his cellular telephone, (727) 423-3471, from the Defendant, regarding a debt which Plaintiff did not owe.

19.     On numerous occasions the Plaintiff has returned the Defendant's call in an effort to inform them of their mistake.  However, a return call to the number left in the Defendant's message directed the Plaintiff to another automated message.

20.     The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

21.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

22.     Plaintiff received approximately two hundred (200) calls from Defendant, from August 2011 through July 2012, which are continuing through the filing of this complaint. (See **Exhibit B**)

23.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

24.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

25.     Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

26.     Defendant has a corporate policy to harass and abuse individuals and has set up their call-back system in a manner which makes it virtually impossible for the robo-calls to stop.

27.     Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

28.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

29.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

30.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

31.     Plaintiff incorporates Paragraphs one (1) through thirty (30).

32.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

33.     Plaintiff incorporates Paragraphs one (1) through thirty (30).

34.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

35.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

4

36.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

37.    Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

38.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
**(Violations of the FDCPA)**

39.    Plaintiff incorporates Paragraphs one (1) through thirty (30).

40.    At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

41.    Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

42.    Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

43.    Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

44.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Invasion of Privacy)

45.     Plaintiff incorporates Paragraphs one (1) through thirty (30).

46.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy.* 15 U.S.C. § 1692(a) (emphasis added)

47.     Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff by repeatedly and unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

48.     Defendant and its agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiff's right to privacy.

49.     Plaintiff had a reasonably expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

50.     The conduct of the Defendant and its agents in engaging in the above-described illegal collection conduct against the plaintiff, resulted in multiple intrusions and invasions of privacy

6

by the Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

51.     As a result of such intrusions and invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues to triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the Court may deem just and proper.

Respectfully submitted,

/s/William Peerce Howard
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, William Peerce Howard, hereby certify that a true and correct copy of the foregoing has been served on Defendant through Service of Process on its Registered Agent.

/s/William Peerce Howard
William Peerce Howard, Esquire
Morgan & Morgan, Tampa, P.A.
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0103330
Attorney for Plaintiff

**PALISADES COLLECTION, L.L.C.**

PO BOX 1244
ENGLEWOOD CLIFFS NJ 07632

CHANGE SERVICE REQUESTED

t          e hours : M-F 8am-9pm, Sat 9am-1pm
800-414-8319     201-308-9370 (Fax)
**For your convenience, you can pay online by going to**
**www.paypalisades.com   PIN: 2506428701**

#BWNKBHZ S-CDASTA10  L-WWO A-2044816
#20448163#P1J4CI00513309 I13310
MARSH,LEE
2701 UNION ST S
SAINT PETERSBURG FL 33712-3836

PALISADES COLLECTION, L.L.C.
PO BOX 1244
ENGLEWOOD CLIFFS NJ 07632

May 24, 2011

| Account Number :<br>5422946301311463 | Debtor Id :<br>2044816 |
|---|---|

✂   Detach Upper Portion And Return With Payment   ✂

| | |
|---|---|
| Debtor Id: | 2044816 |
| Original Creditor: | FIRST UNION |
| Previous Creditor: | FIRST UNION BANK |
| Current Creditor: | Palisades Collection, L.L.C. |
| Account Number: | 5422946301311463 |
| Current Balance:: | $497.15 |

## WE ARE WILLING TO WORK WITH YOU TO CLEAR UP THIS DEBT

Dear MARSH,LEE:

In these hard economic times, we understand that it is difficult for many Americans to face their rising debt levels, especially when unemployment continues to rise. With credit ratings becoming more and more important in the everyday lives of most Americans, we also understand the dilemma posed by unpaid debts appearing on your credit report. We understand these things because most of us find ourselves in these troubling situations at some point in our lives and sometimes people need a helping hand.

This is why we want to let you know that we are willing to work with you to help clear up this debt. We understand that the balance due on this account may be well beyond your ability to pay in full right now. Therefore, we are prepared to work with you on an amicable payment arrangement that will be more manageable for you financially.

We have many programs you may be able to utilize, depending on your situation. Some of these programs include splitting your balance into smaller, manageable monthly payments, accepting a lesser amount as a settlement to close the account, or even deleting our reporting of this account from your credit report!

Please contact our office and speak with a representative to take advantage of these programs so you can get started on your path to better financial health! Many people are cleaning up their credit ratings and finances by utilizing these programs. We want to make sure you have the opportunity to do the same.

We look forward to working with you.

Very truly yours,

800-414-8319

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

If you have recently filed a bankruptcy proceeding, please be aware that this letter is for informational purposes only. Please forward a copy of this letter to your counsel and/or the trustee, as appropriate, and refer them to a Palisades Collection, L.L.C. customer service representative at 800-414-8319



**EXHIBIT**

A

|    | Date       | Time       | Caller Number       |
|----|------------|------------|---------------------|
| 1  | 10/21/2011 | 8:41       | (760) 705-8888      |
| 2  | 10/22/2011 | 8:08       | (760) 705-8888      |
| 3  | 10/22/2011 | 2:37 PM    | (760) 705-8888      |
| 4  | 10/23/2011 | 8:07 AM    | (760) 705-8888      |
| 5  | 10/24/2011 | 8:07 AM    | (760) 705-8888      |
| 6  | 10/24/2011 | 11:01 AM   | (760) 705-8888      |
| 7  | 10/25/2011 | 11:29 AM   | (760) 705-8888      |
| 8  | 10/26/2011 | 3:56 AM    | (760) 705-8888      |
| 9  | 10/27/2011 | 2:04 PM    | (760) 705-8888      |
| 10 | 10/28/2011 | 3:49 PM    | (760) 705-8888      |
| 11 | 10/29/2011 | 11:32 AM   | (760) 705-8888      |
| 12 | 10/30/2011 | 3:25 PM    | (562) 453-4352      |
| 13 | 10/31/2011 | 2:14 PM    | (562) 453-4352      |
| 14 | 11/1/2011  | 1:14 PM    | (562) 453-4352      |
| 15 | 11/2/2011  | 1:44 PM    | (562) 453-4352      |
| 16 | 11/3/2011  | 1:04 PM    | (562) 453-4352      |
| 17 | 11/4/2011  | 3:41 PM    | (562) 453-4352      |
| 18 | 11/8/2011  | 8:16 AM    | (562) 453-4352      |
| 19 | 11/9/2011  | 1:56 PM    | (562) 453-4352      |
| 20 | 11/10/2011 | 2:57 PM    | (562) 453-4352      |
| 21 | 11/11/2011 | 3:22 PM    | (562) 453-4352      |
| 22 | 11/14/2011 | 4:07 PM    | (562) 453-4352      |
| 23 | 11/15/2011 | 3:07 PM    | (562) 453-4352      |
| 24 | 11/16/2011 | 3:15 PM    | (562) 453-4352      |
| 25 | 11/18/2011 | 10:41 AM   | (562) 453-4352      |
| 26 | 11/29/2011 | 3:30 PM    | (562) 453-4352      |
| 27 | 12/1/2011  | 8:53 AM    | (562) 453-4352      |
| 28 | 12/5/2011  | 11:28 AM   | (562) 453-4352      |
| 29 | 12/12/2011 | 11:54 AM   | (562) 453-4352      |
| 30 | 12/14/2011 | 1:20 PM    | (562) 453-4352      |
| 31 | 12/16/2011 | 10:48 AM   | (562) 453-4352      |
| 32 | 12/17/2011 | 6:31 PM    | (562) 453-4352      |
| 33 | 12/18/2011 | 8:45 PM    | (562) 453-4352      |
| 34 | 12/19/2011 | 8:21 AM    | (562) 453-4352      |
| 35 | 12/22/2011 | 10:19 AM   | (562) 453-4352      |
| 36 | 12/26/2011 | 7:45 PM    | (562) 453-4352      |
| 37 | 12/29/2011 | 9:08 AM    | (562) 453-4352      |
| 38 | 12/29/2011 | 6:58 PM    | (760) 705-8888      |
| 39 | 12/31/2011 | 9:22 AM    | (562) 453-4352      |
| 40 | 1/4/2012   | 8:32 AM    | (562) 453-4352      |
| 41 | 1/5/2012   | 1:22 PM    | (562) 453-4352      |
| 42 | 1/7/2012   | 9:07 AM    | (562) 453-4352      |
| 43 | 1/10/2012  | 8:59 AM    | (562) 453-4352      |
| 44 | 1/11/2012  | 10:22 AM   | (562) 453-4352      |
| 45 | 1/12/2012  | 9:06 AM    | (562) 453-4352      |



EXHIBIT

B

tabbies

| | | | |
|---|---|---|---|
| 46 | 1/14/2012 | 5:04 PM | (562) 453-4352 |
| 47 | 1/16/2012 | 3:30 PM | (562) 453-4352 |
| 48 | 1/17/2012 | 3:41 PM | (562) 453-4352 |
| 49 | 1/18/2012 | 4:18 PM | (562) 453-4352 |
| 50 | 1/20/2012 | 10:27 AM | (562) 453-4352 |
| 51 | 1/21/2012 | 10:32 AM | (562) 453-4352 |
| 52 | 1/23/2012 | 9:19 AM | (562) 453-4352 |
| 53 | 1/24/2012 | 5:11 PM | (562) 453-4352 |
| 54 | 1/25/2012 | 10:00 AM | (562) 453-4352 |
| 55 | 1/27/2012 | 5:48 PM | (562) 453-4352 |
| 56 | 1/30/2012 | 8:37 AM | (562) 453-4352 |
| 57 | 1/31/2012 | 3:59 PM | (562) 453-4352 |
| 58 | 2/1/2012 | 5:48 PM | (562) 453-4352 |
| 59 | 2/2/2012 | 6:25 PM | (562) 453-4352 |
| 60 | 2/3/2012 | 3:30 PM | (562) 453-4352 |
| 61 | 2/4/2012 | 7:03 PM | (562) 453-4352 |
| 62 | 2/6/2012 | 5:02 PM | (562) 453-4352 |
| 63 | 2/7/2012 | 6:08 PM | (562) 453-4352 |
| 64 | 2/8/2012 | 3:13 PM | (562) 453-4352 |
| 65 | 2/9/2012 | 2:53 PM | (562) 453-4352 |
| 66 | 2/10/2012 | 11:38 AM | (562) 453-4352 |
| 67 | 2/13/2012 | 11:25 AM | (562) 453-4352 |
| 68 | 2/15/2012 | 1:51 PM | (623) 239-1367 |
| 69 | 2/17/2012 | 12:48 PM | (623) 239-1367 |
| 70 | 2/18/2012 | 10:20 AM | (623) 239-1367 |
| 71 | 2/20/2012 | 12:52 PM | (623) 239-1367 |
| 72 | 2/21/2012 | 11:30 AM | (623) 239-1367 |
| 73 | 2/22/2012 | 11:56 AM | (623) 239-1367 |
| 74 | 2/23/2012 | 10:43 AM | (623) 239-1367 |
| 75 | 2/24/2012 | 11:38 AM | (623) 239-1367 |
| 76 | 2/25/2012 | 11:13 AM | (623) 239-1367 |
| 77 | 2/27/2012 | 12:57 PM | (623) 239-1367 |
| 78 | 2/28/2012 | 11:56 AM | (623) 239-1367 |
| 79 | 2/29/2012 | 11:38 AM | (623) 239-1367 |
| | *<March call log missing>* | | |
| 80 | 4/9/2012 | 2:19 PM | (623) 239-1367 |
| 81 | 4/10/2012 | 11:58 AM | (623) 239-1367 |
| 82 | 4/11/2012 | 10:56 AM | (623) 239-1367 |
| 83 | 4/12/2012 | 12:24 PM | (623) 239-1367 |
| 84 | 4/13/2012 | 10:51 AM | (623) 239-1367 |
| 85 | 4/14/2012 | 12:25 PM | (623) 239-1367 |
| 86 | 4/16/2012 | 11:40 AM | (623) 239-1367 |
| 87 | 4/17/2012 | 12:17 PM | (623) 239-1367 |
| 88 | 4/18/2012 | 1:14 PM | (623) 239-1367 |
| 89 | 4/19/2012 | 10:42 AM | (623) 239-1367 |
| 90 | 4/20/2012 | 11:18 AM | (623) 239-1367 |
| 91 | 4/21/2012 | 11:32 AM | (623) 239-1367 |

| 92 | 4/23/2012 | 11:26 AM | (623) 239-1367 |
|---|---|---|---|
| 93 | 4/27/2012 | 11:58 AM | (623) 239-1367 |
| 94 | 5/5/2012 | 2:44 PM | (623) 239-1367 |
| 95 | 5/7/2012 | 8:25 AM | (623) 239-1367 |
| 96 | 5/8/2012 | 8:45 AM | (623) 239-1367 |
| 97 | 5/11/2012 | 12:24 PM | (623) 239-1367 |
| 98 | 5/12/2012 | 8:22 AM | (623) 239-1367 |
| 99 | 5/13/2012 | 9:06 AM | (623) 239-1367 |
| 100 | 5/14/2012 | 9:06 AM | (623) 239-1367 |
| 101 | 5/15/2012 | 8:42 AM | (623) 239-1367 |
| 102 | 5/18/2012 | 9:15 AM | (623) 239-1367 |
| 103 | 5/19/2012 | 9:26 AM | (623) 239-1367 |
| 104 | 5/20/2012 | 8:49 PM | (623) 239-1367 |
| 105 | 5/21/2012 | 8:33 AM | (623) 239-1367 |
| 106 | 5/22/2012 | 8:28 AM | (623) 239-1367 |
| 107 | 5/24/2012 | 10:09 AM | (623) 239-1367 |
| 108 | 5/25/2012 | 9:16 AM | (623) 239-1367 |
| 109 | 5/26/2012 | 9:58 AM | (623) 239-1367 |
| 110 | 5/28/2012 | 8:59 AM | (623) 239-1367 |
| 111 | 5/29/2012 | 11:01 AM | (623) 239-1367 |
| 112 | 5/30/2012 | | |
| 113 | 5/31/2012 | | |
| 114 | 6/1/2012 | | |